[Dkt. No. 22]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| TAMIA MURPHY,<br><br>  Plaintiff,<br><br>       v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, et al.,<br>Defendants. | Civil Action No. 1:20-cv-09275 (RMB/AMD)<br><br>**OPINION** |

**<u>BUMB</u>, District Judge**

  Plaintiff Tamia Murphy initiated this matter by suing the United States Department of Education ("Education") and Equifax Information Services, LLC ("Equifax"), alleging that Defendants violated portions of the Fair Credit Reporting Act ("FCRA"). [Dkt. No. 1]. Plaintiff has since voluntarily dismissed Equifax with prejudice. The matter now comes before the Court upon a motion by the sole remaining defendant, Education, to dismiss Plaintiff's Complaint on the grounds that the Court lacks subject matter jurisdiction or, alternatively, that Plaintiff's claims against Education fail under Federal Rule of Civil Procedure 12(b)(6). [Dkt. No. 22].

  Education first argues that Congress did not waive sovereign immunity under the FCRA and therefore cannot be sued for damages. Whether the FCRA waives sovereign immunity is an issue that has divided the circuits, and the Third Circuit has yet to offer an opinion. Compare <u>Bormes v. United States,</u> 759 F.3d 793 (7th

Cir. 2014) (finding a waiver), and Mowrer v. United States Dep't of Transp., 14 F.4th 723 (D.C. Cir. 2021) (finding a waiver), with Daniel v. Nat'l Park Serv., 891 F.3d 762 (9th Cir. 2018) (finding no waiver), and Robinson v. United States Dep't of Educ., 917 F.3d 799 (4th Cir. 2019), cert. denied, ––– U.S. ––––, 140 S. Ct. 1440, 206 L.Ed.2d 842 (2020) (finding no waiver).

For the reasons set forth below, this Court will follow the precedent established by those courts that have found the FCRA to waive sovereign immunity and deny Education's Motion under Rule 12(b)(1). However, the Court will **grant** Education's Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6). Plaintiff's Complaint will be **dismissed without prejudice**, and Plaintiff may file an amended complaint.

## I.     Background

Plaintiff Murphy alleges that Education inaccurately reported its tradeline on her Equifax credit disclosure despite Plaintiff's account being closed with a $0.00 balance. [Dkt. No. 1 at 3]. Plaintiff alleges that Education erroneously listed a monthly payment amount of $241.00, which she first noticed in February 2020 after reviewing her Equifax credit disclosure. *Id.* In April 2020, Plaintiff disputed the errant tradeline with Equifax via letter, and asked Equifax to report the monthly payment amount as $0.00. *Id.* As averred in the Complaint, Equifax forwarded Plaintiff's dispute to Education and Education received notice of the dispute. *Id.* However, when Plaintiff obtained her Equifax credit disclosure in June 2020, it

apparently revealed that Equifax and Education "failed or refused to report the monthly payment amount as $0.00." *Id.* at 4.

A mere month later, Plaintiff commenced this lawsuit by filing the aforementioned Complaint, arguing that Education and Equifax negligently and willfully failed to conduct a proper investigation of her dispute and failed to remove the erroneous tradeline, in violation of the FCRA. [Dkt. No. 1]. Equifax was dismissed from the matter after settling with Plaintiff in October 2020. [Dkt. No. 9]. In accordance with this Court's Individual Rules and Procedures, a pre-motion conference was held on March 9, 2021. [Dkt. No. 21]. Subsequently, Defendant Education filed this Motion to Dismiss on April 2, 2021. [Dkt. No. 22].

## II. Legal Standard

### a. Rule 12(b)(1)

Education moves to dismiss under Federal Rule of Civil Procedure 12(b)(1), first. [Dkt. No. 22]. The defense of sovereign immunity is properly raised by motion pursuant to Rule 12(b)(1); Defendant argues that the Department of Education, as an agency of the federal government, is immune from private civil suits brought under FCRA Sections 1681n and 1681o. *Id.* Rule 12(b)(1) motions may challenge subject-matter jurisdiction based upon the complaint's face or its underlying facts. Pittman v. Metuchen Police Dept., No. 08–2373, 2009 WL 3207854, *1 (D.N.J. Sept. 29, 2009) (citing James Wm. Moore, 2 Moore's Federal Practice § 12.30[4] (3d ed. 2007)). In a facial challenge, the Court will only evaluate the allegations in the pleadings and assume the truthfulness of the complaint. Mortensen v. First Fed.

Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  A factual attack, however, offers no such deference to the plaintiff's allegations and the court may weigh evidence outside of the facts in the pleadings to determine whether jurisdiction exists. Id.

    **b. Rule 12(b)(6)**

In the alternative, Education moves to dismiss under Rule 12(b)(6).  When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ...."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (*first citing* Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); *and then citing* Papasan v. Allain, 478 U.S. 265, 286 (1986)).

To determine the sufficiency of a complaint, a court must take three steps.  First, the court must "tak[e] note of the elements a plaintiff must plead to state a

claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *See* Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (alterations in original) (citations omitted) (*quoting* Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009)). A court may "generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (*citing* Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

### III. Analysis

#### A. The plain language of the FCRA waives Education's sovereign immunity

Plaintiff accuses Education of violating Sections 1681s-2(b), 1681n(a), and 1681o(a) of the FCRA. These provisions provide, as follows:

> (2) Duty to correct and update information. A person who
>
>> (A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and
>>
>> (B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

5

*See* Section 1681s-2(b)

(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of
>   (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or
>
>   (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;
>
>   (2) such amount of punitive damages as the court may allow; and
>
>   (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

*See* Section 1681n(a)

(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of
>   (1) any actual damages sustained by the consumer as a result of the failure; and
>
>   (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

*See* Section 1681o(a)

Section 1681a(a) and (b) further provides:

>   (a) Definitions and rules of construction set forth in this section are applicable for the purposes of this title.
>   (b) The term "person" means any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity.

Interestingly, with respect to civil liability for willful noncompliance under

Section 1681n(a), the statutory language takes care to distinguish the difference in

6

liability imposed upon "any person" under § 1681n(a)(1)(A), versus "in the case of liability of a *natural* person" under § 1681n(a)(1)(B) [emphasis added]. The Court interprets this distinction as an effort of precision on behalf of Congress in constructing the statute, especially regarding the inclusion of "government or governmental subdivision or agency" within the definition of "person." *See* § 1681a(b).

Education principally argues that it is immune from suit because the FCRA neither defines the federal government as a "person" subject to liability, nor contains an express statement that Congress waived the sovereign immunity of the United States. [Dkt. No. 22 at 1]. Plaintiff disagrees, citing to Bormes v. United States, 759 F.3d 793 (7th Cir. 2014).

This case presents an issue that, in the opinion of this Court, starts and ends with the plain language of the statute. "The starting point in interpreting a statute is its language, for if the intent of Congress is clear, that is the end of the matter." Good Samaritan Hosp. v. Shalala, 508 U.S. 402, 409, 113 S.Ct. 2151, 124 L.Ed.2d 368 (1993) (internal citations omitted). In this regard, the section entitled "Definitions; rules of construction" that defines "person" to mean "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity," carries the day. § 1681a(b). As expressed in the statute, this definition of "person" is "applicable for the purposes of this title." § 1681a(a). Moreover, the Court finds support in the persuasive decisions issued by the Seventh and D.C. Circuit Courts of Appeals. *See* Bormes v. United States, 759

F.3d 793 (7th Cir. 2014), and Mowrer v. United States Dep't of Transp., 14 F.4th 723 (D.C. Cir. 2021).

In Bormes, the Seventh Circuit found that "[a]ny "person" who willfully or negligently fails to comply with the Fair Credit Reporting Act is liable for damages. 15 U.S.C. §§ 1681n(a), 1681o(a). "Person" is a defined term: "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." 15 U.S.C. § 1681a(b) (emphasis added). The United States is a government. One would suppose that the end of the inquiry. By authorizing monetary relief against every kind of government, the United States has waived its sovereign immunity. And so we conclude." Bormes, 759 F.3d at 795.  Notably, the Government in Bormes conceded that it was a "person" for the purpose of the Act's substantive requirements but denied its "personhood" with respect to damages.  *Id*.  This fact distinguishes Bormes from the instant matter, and Education is firm in asserting that it "does not make such a concession in this case."  [Motion to Dismiss, Dkt. No. 22 at 16].  The Court partially agrees with Education's argument that "Bormes has limited persuasive value and is distinguishable on its facts," to the degree that the distinguishable fact (the Government's concession) is a significant one.  *Id*.  The Court, however, disagrees that Bormes is unpersuasive, and finds further support for the ultimate holding in Bormes in the recently decided Mowrer v. United States Department of Transportation from the D.C. Circuit Court of Appeals.

In Mowrer, the Circuit Court avoids the intricate analyses enacted by the

8

multitude of district courts that have wrestled with this issue and finds that the language of the statute "speak clearly enough to waive federal sovereign immunity. FCRA defines "person" to include "any…government"—a term that, as used in a federal statute, surely included the federal government." Mowrer v. United States Department of Transportation, 14 F.4th 723, 729 (D.C. Cir. 2021). This Court is inclined to agree with the D.C. Circuit Court's reasoning and is equally convinced that the statutory language of the FCRA is explicit enough to waive sovereign immunity and subject the federal government to suit.

### B. Education's arguments for ignoring the plain language of the statute are unconvincing

While Education raises other arguments in support of its motion, the Court is unconvinced. Specifically, Education argues that the majority position expressed in Robinson from the Fourth Circuit and Daniel from Ninth Circuit is more persuasive than Bormes. Motion at 12. Daniel v. Nat'l Park Serv., 891 F.3d 762 (9th Cir. 2018), Robinson v. United States Dep't of Educ., 917 F.3d 799 (4th Cir. 2019), cert. denied, ––– U.S. –––, 140 S. Ct. 1440, 206 L.Ed.2d 842 (2020). Education suggests that the "minority legal view adopted by Plaintiff originates from the Seventh Circuit's decision in Bormes," and while this may be theoretically correct, the Court distinguishes its reasoning from that expressed in Bormes. The Robinson court criticized the Bormes decision for not adopting a "holistic statutory view" in interpreting "person" and "any government" as defined in the statute. See Robinson, 917 F.3d at 806. Similarly, the Daniel court criticized the Bormes decision by

9

suggesting the "absurd" results that it may create, named that "treating the United States as a 'person' across the FCRA's enforcement provisions would subject the United States to criminal penalties." Daniel v. Nat'l Park Serv., 891 F.3d 762, 770 (9th Cir. 2018). These arguments, however, fail to address the overarching concern that courts are not entitled to disregard the clear terms of unambiguous statutes. "Thus, when Congress subjected any "public agency" to damages liability under the Age Discrimination in Employment Act, and separately defined "public agency" to include states, it managed to extend ADEA liability to the states—even though the extension proved unconstitutional. See Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 73-74, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000). So too here, when Congress subjected any "person" to damages liability under FCRA, and separately defined "person" to include "any…government," it acted with sufficient clarity to reach federal and state governments." Mowrer, at 729. While finding the FCRA to waive sovereign immunity may produce awkward results, it is not within the powers of this Court to rectify statutory inelegance on Congress' behalf.

As for Education's argument regarding "internal inconsistencies" if immunity is found to be waived, the FCRA does indeed include an explicit waiver of sovereign immunity under § 1681u(j), that concerns disclosures of credit information to the Federal Bureau of Investigation ("FBI"). Specifically, this subsection states that "[a]ny agency or department of the United States obtaining or disclosing any consumer reports, records, or information contained therein in violation of this section is liable to the consumer to whom such consumer reports, records, or

information relate…"15 U.S.C. § 1681u(j).  Education argues that defining "person" to include the United States would make the FCRA internally inconsistent, given the inclusion of this specific waiver of sovereign immunity.  Motion at 21.  The Court does not agree.  As expressed in Mowrer, "…there is good reason section 626 specifically targets federal agencies, as only they may lawfully receive consumer information under it.  The fact that section 626 imposes liability only on federal agencies thus says little about whether FCRA's other causes of action cover the United States through broader language encompassing "any…government." Mowrer v. United States Dep't of Transp., 14 F.4th 723, 729 (D.C. Cir. 2021).  Thus, the Court finds that the inclusion of a specific waiver of sovereign immunity with respect to the FBI merely enhances the subsection it's included within and fails to supersede the generalized definition of "person" as applied throughout the statute.  For these reasons, Defendant Education's Motion under Rule 12(b)(1) is denied.

### C. Plaintiff's Complaint fails under Rule 12(b)(6)

Plaintiff presents conclusory allegations that fail to sustain her complaint under Rule 12(b)(6).  While Plaintiff relies upon Paredes v. Sallie Mae in her opposition brief to establish Education's duty to investigate Plaintiff's dispute under the FCRA, Paredes is factually distinct from the present case.  [Response in Opposition, Dkt. No. 26 at 6].  The plaintiff in Paredes communicated directly with Defendant Sallie Mae, unlike here in which Plaintiff at no point communicated directly with Defendant Education.  Instead, Plaintiff alleges the following: "Equifax forwarded Plaintiff's consumer dispute to US Dept of Ed. US Dept of Ed received

11

Plaintiff's consumer dispute from Equifax." [Complaint, Dkt. No. 1 at 3]. Plaintiff hinges her claim against Education based upon this alleged notice yet fails to allege any semblance of a non-conclusory fact that Equifax did indeed notify Education or that Education received Plaintiff's dispute.

Incredulously, Plaintiff avers that "[r]equiring a customer to *know and plead specific facts regarding the communications between a furnisher and a consumer reporting agency* or the details of a furnisher's investigative practices would prevent any consumer from filing any lawsuit under the FCRA, as virtually no consumer would or could know such facts before engaging in discovery." [emphasis added] [Opposition, Dkt. No. 26 at 7]. In stating in the Complaint that "Equifax forwarded Plaintiff's consumer dispute to US Dept of Ed. US Dept of Ed received Plaintiff's consumer dispute…," Plaintiff did exactly what she later deemed could never occur: plead allegedly "unknowable" facts regarding the communication between furnisher (Equifax) and consumer reporting agency (Education) without proper knowledge. Accordingly, given Plaintiff's response, this leads the Court to find that Plaintiff's allegation is conclusory.[1]

As expressed in Paredes, at no point was Plaintiff prevented from contacting Education directly regarding the status of her dispute, which, theoretically, could have provided her with additional information in support of her suit. Her hopeful reliance on the possibility of future discovery to support this allegation is insufficient

---

[1] The Court further questions whether the allegation was made in good faith given Plaintiff's response but leaves this issue for another day.

under Rule 12(b)(6).  The Court will grant Education's Motion to Dismiss under Rule 12(b)(6), and Plaintiff's Complaint will be dismissed without prejudice.  Plaintiff may, if she so chooses, file an amended complaint to address the foregoing deficiencies.

### IV.   Conclusion

This Court finds the FCRA to unambiguously waive sovereign immunity.  Accordingly, Education's Motion will be denied under Rule 12(b)(1) but **granted** pursuant to Defendant's arguments made under Rule 12(b)(6).  Plaintiff's Complaint will be dismissed without prejudice.  Plaintiff may file an amended complaint if so desired.  If the Court does not receive an amended complaint within thirty (30) days, the Complaint will be dismissed with prejudice.  An appropriate Order follows.


Date: November 30, 2021            /s/ Renée Marie Bumb
                                   RENÉE MARIE BUMB
                                   UNITED STATES DISTRICT JUDGE